JOHN MARSH, Respondent, v. THE GLENS FALLS INSURANCE COMPANY, Appellant.

*Insurance—a "hop drying process or hazard" distinguished from "hop harvesting."*

An action was brought upon a policy of insurance on a hop dry kiln and on hops therein which provided as follows: "The insurance, by this policy, is to cover only while the permanent or other insurance covering same property, if there be any, is retired or void on account of the hop-drying process or hazard;" on the trial thereof the court charged that if the jury should find that "the baling and preparing the hops for market was a part of the harvesting of the

hops, then  * * *  the plaintiff is entitled to recover, provided there had been no settlement."

*Held,* that the court substituted a condition of liability different from the one expressed in the policy — it being immaterial whether the baling of the hops was part of the hop harvesting, unless the baling was also part of the hop-drying process or hazard ; which the evidence tended to show preceded the baling by at least ten days.

APPEAL by the defendant, The Glens Falls Insurance Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Otsego on the 28th day of January, 1896, upon the verdict of a jury rendered after a trial at a Trial Term of the Supreme Court held in and for the county of Otsego, and also from an order entered in said clerk's office on the 3d day of March, 1896, denying the defendant's motion for a new trial made upon the minutes.

The action was brought upon a policy of insurance issued by the defendant to Alice Withey, the plaintiff's assignor, September 3, 1894, insuring her against loss by fire for one month upon the following property : "$300 on Hop Dry Kiln and building,  * * * $250 on hops cured and in process of curing, while contained therein,  * * * $25 on stove pipe  * * * while therein.  * * * Privilege is given for the customary and usual process in the curing of hops. The insurance by this policy is to cover only while the permanent or other insurance covering same property, if there be any, is retired or void, on account of the hop-drying process or hazard." The fire occurred a few hours before the month expired. There was existing other insurance on the " Hop House, except during Hop Harvesting, $250," under a policy of the Otsego County Farmers' Co-operative Fire Insurance Company for the term of three years.

The defenses were, *first,* that the policy was not in force upon the hop house, because the hop harvesting was over, and, therefore, the Otsego company's policy was in force as to the hop house at the time of the fire ; *second,* an accord and satisfaction of all claims under the defendant's policy. Further facts are stated in the opinion.

*Louis M. Brown,* for the appellant.

*Holmes & Waterman,* for the respondent.

LANDON, J. :

If in fact the permanent insurance effected by the Otsego company's policy was, at the time of the fire, retired " on account of the hop-drying process or hazard," then the defendant's policy was in force. The Otsego company's policy was, by its terms, retired " during hop harvesting." Two questions of fact arise : 1. Does " hop harvesting " cover the " hop-drying process or hazard ? " If so, did the fire occur during the " hop-drying process or hazard ? " The undisputed evidence was to the effect that Mrs. Withey's crop of hops had all been gathered, placed in the hop house, dried there, and packed away in the storeroom in the hop house at least ten days before the fire, and that when the fire occurred the process of baling the hops for the market had begun. The following testimony was given and was not disputed : " Ques. 2. Describe the steps taken in harvesting hops ? [Objected to as immaterial and incompetent ; that the contract is clear and unambiguous, and parol testimony is not competent to vary it ; also, that it is a question here about hop drying and not hop harvesting. Objection overruled and defendant excepted.] A. In the first place they have to be picked, and then they are put in the kiln and dried, and from that they are pressed and baled ; when they are baled they are ready for market ; that is the usual steps taken, I think, by almost everybody." The learned trial judge instructed the jury that if they should find that " the baling and preparing the hops for market was a part of the harvesting of the hops, then,  *  *  *  the plaintiff is entitled to recover, provided there had been no settlement." The defendant excepted. This was substituting a condition of liability different from the one expressed in the defendant's policy. It was immaterial whether the baling of the hops was part of the hop harvesting, unless the baling was also part of the hop-drying process or hazard — and that did not appear. Apparently the hop-drying process or hazard preceded the baling by at least ten days.

The judgment should be reversed and a new trial granted, costs to abide the event.

All concurred.

Judgment reversed, new trial granted, costs to abide the event.